IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CHARLES KIMBLE, JR, #2336397, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Case No. 6:21-cv-118-JDK-JDL |
| | § | |
| BOBBY LUMPKIN, DIRECTOR TDCJ, | § | |
| | § | |
| Respondent. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Charles Kimble, Jr., a Texas Department of Criminal Justice prisoner proceeding pro se, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Southern District of Texas. The case was transferred to this Court for proper venue and was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for the disposition of the case. Docket Nos. 3, 5. On December 20, 2021, Judge Love issued a Report recommending that the petition be dismissed and that a certificate of appealability be denied. Docket No. 40. Petitioner filed timely written objections. Docket No. 41.

This Court reviews the findings and conclusions of the Magistrate Judge de novo if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

1

Petitioner disputes the results of the Magistrate Judge's analysis, but he does not offer any facts or law that undermines those results. For example, he argues that his plea counsel encouraged him to take a plea deal that did not benefit him and which he now regrets (Docket No. 41 at 4–5), but the state court found that Petitioner freely and voluntarily pled guilty at his plea hearing. *See* Docket No. 40 at 6–7. The Magistrate Judge correctly found that determination to be reasonable. *Id.* Neither counsel's persuasion nor Petitioner's remorse renders a voluntary plea invalid.

Petitioner also suggests that discovery of additional information about a hearing to revoke his parole on a previous sentence, which took place before his guilty plea in this case, would somehow impact the outcome of this case. Docket No. 41 at 4–5. But Petitioner did not bring this case to challenge the revocation of his parole. And, as the Magistrate Judge observed, the facts and circumstances of the revocation hearing were "not any part of the basis for Petitioner's conviction." Docket No. 40 at 13–14. Petitioner vaguely indicates that some information in connection with the revocation hearing was withheld from him. Docket No. 41 at 3. But he does not identify that information or explain why it would impact the validity of his judicial admission and plea.

Finally, Petitioner repeatedly raises the issue in his objection of attorney-client privilege. Docket No. 41 at 3, 5. In an order denying Petitioner's motion for discovery to seek proof of a breach of privilege, the Magistrate Judge correctly explained that such a breach, even if it were established, would not amount to a constitutional violation as required to invalidate Petitioner's conviction. Docket No. 39 at 1. This objection is thus without merit.

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Petitioner's objections are without merit. The Court therefore **OVERRULES** Petitioner's objections (Docket No. 41) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 40)

as the opinion of the District Court. Petitioner's petition for habeas corpus is hereby **DISMISSED** with prejudice. Further, the Court **DENIES** a certificate of appealability.

So **ORDERED** and **SIGNED** this **26th** day of **January, 2022.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE